UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| WOODROW CRAWFORD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-0436 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 7, 10 |
| | : | | |
| JO ANN BARNHART, | : | | |
| Commissioner of Social Security, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE PLAINTIFF'S MOTION FOR JUDGMENT OF REVERSAL[1];
DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF AFFIRMANCE

**I. INTRODUCTION**

Before the court are the plaintiff's motion for judgment of reversal and the defendant's motion for judgment of affirmance. Woodrow Crawford ("the plaintiff") claims he is entitled to Supplemental Security Income ("SSI") because he is unable to work due to a back problem. The defendant, the Commissioner of Social Security, denied the plaintiff's request for benefits, relying on an Administrative Law Judge's ("ALJ") ruling that the plaintiff had sufficient residual functional capacity[2] for gainful employment. Because the ALJ applied the incorrect legal standard by failing to make an explicit finding regarding the plaintiff's borderline age, the court grants the plaintiff's motion for judgment of reversal, denies the defendant's motion for judgment of affirmance and remands this case to the Social Security Administration for further proceedings.

---

[1] Although styled as a motion for judgment of reversal, the court stops short of reversing and simply remands the case for determinations consonant with this Memorandum Opinion.

[2] "[R]esidual functional capacity is the most [work one] can still do despite [physical, mental, or sensory] limitations." 20 C.F.R. § 416.945(a)(1).

## II. FACTUAL & PROCEDURAL BACKGROUND

Woodrow Crawford is a 57-year-old man with a graduate equivalency diploma ("GED") whose prior work experience was as a housekeeper and maintenance worker. Administrative R. ("AR") at 15; Pl.'s Mot. at 3. On March 25, 2002, he went to Howard University Hospital complaining of back pain radiating to his thighs. AR at 16. CT and MRI scans in the spring of 2002 showed L4-5 osteomyelitis and diskitis. *Id.* at 17. On May 1, 2002, the plaintiff had surgery to repair an "acquired femoral arteriovenous fistula" in his left leg. *Id.* From October, 2002 to September, 2003, the plaintiff saw three doctors who all agreed that 1) the plaintiff continued to suffer from lower back problems; 2) he should avoid heavy lifting and repeated bending, stooping, and kneeling; and 3) he could walk without a cane. *Id.* at 18. Since the onset of his back problems, the plaintiff has not been gainfully employed. *Id.* at 22; Pl.'s Mot. at 3.

The plaintiff applied for SSI on June 4, 2002. AR at 15. His "claim was denied initially and on reconsideration." *Id.* The plaintiff then filed a timely request for hearing before an ALJ. *Id.* On May 17, 2005, 46 days before the plaintiff's 55th birthday, the ALJ denied the plaintiff's claim for SSI benefits. *Id.* at 22. The ALJ held that although the plaintiff's impairments were severe, he possessed "the residual functional capacity to perform a significant range of light work" and was therefore not disabled. *Id.* The plaintiff sought review of the ALJ's decision by the Appeals Council, which denied review on March 1, 2006. *Id.* at 5; Pl.'s Mot. at 3. The plaintiff filed suit in this court on March 9, 2006. The present motions followed on September 25 and November 13, 2006, respectively.

### III.  ANALYSIS

**A.  Legal Standard for Review of Final Decision of the Commissioner of Social Security**

Federal district courts have jurisdiction over civil cases challenging the final decision of the Commissioner of Social Security.  Social Security Act, 42 U.S.C. § 405(g).  In seeking judicial review of a final determination of the Social Security Commission, the plaintiff bears the burden of demonstrating that the Commissioner's decision is not based on substantial evidence or that incorrect legal standards were applied.  *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Jones v. Shalala*, 1994 WL 776887, at *2 (D.D.C. Aug. 31, 1994).  42 U.S.C. § 405(g) states that

> [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*  Substantial evidence "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence."  *Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 365-66 (D.C. Cir. 2003); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The D.C. Circuit has instructed that

> [i]n almost every case brought in the district court under the Act, the issue before the court is the substantiality of the evidence upon which the [Commissioner] based his findings of fact.  The Act directs the court to enter its judgment upon the pleadings and the transcript of the record . . . If the case is one that involves the taking of additional evidence for any reason, the district court is obliged to obtain an enhancement or revision of the record by way of remand to the [Commissioner.]

*Igonia v. Califano*, 568 F.2d 1383, 1389 (D.C. Cir. 1977).

While the reviewing court affords considerable deference to the decision rendered by the ALJ and the Appeals Council, the court remains obligated to ensure that any decision rests upon substantial evidence.  *See Richardson*, 402 U.S. 389.  Accordingly, this standard of review

"calls for careful scrutiny of the entire record," to determine whether the Commissioner, acting through the ALJ, "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits[.]" *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citing *Simms v. Sullivan*, 877 F.2d 1047, 1050 (D.C. Cir. 1989)). As the D.C. Circuit stated,

> In a disability proceeding, the ALJ "has the power and the duty to investigate fully all matters in issue, and to develop the comprehensive record required for a fair determination of disability." The Commissioner's ultimate determination will not be disturbed if it is based on substantial evidence in the record and correctly applies the relevant legal standards.

*Id.* (quoting *Simms*, 877 F.2d at 1050).

### B. Legal Standard for Consideration of a Claimant's Age for SSI Benefits

The Social Security Administration ("SSA") requires ALJs to follow a sequential five-step process to determine if a claimant is disabled. 20 C.F.R. § 416.920 (2007). First, if the claimant has worked substantially since the onset of the alleged disability, he is not disabled. *Id.* at 416.920(4). Second, if the claimant's impairment is not medically severe, he is not disabled. *Id.* Third, if the claimant's impairment is listed in the regulations or is equally as severe as one that is, he is disabled. *Id.* Fourth, if the claimant has the residual functional capacity to return to his past relevant work, he is not disabled. *Id.* Fifth, if the claimant's residual functional capacity combined with his age, education and relevant work experience make him eligible to adjust to other work available in sufficient numbers in the national economy, he is not disabled. *Id.* In the first four steps, the burden is on the claimant to show that he is disabled. *Simms v. Sullivan*, 877 F.2d 1047, 1049 (D.C. Cir. 1989). In the fifth step, the burden shifts to the Commissioner. *Id.*

The SSA has created Medical-Vocational Guidelines ("grids") to standardize disability determinations in the fifth step. *Heckler v. Campbell*, 461 U.S. 458, 461 (1983). These grids are based on a series of rules and synthesize the relevant vocational factors of age, education and

4

work experience along with residual functional capacity by categorizing each factor and creating tables based on these categories. 20 C.F.R. § 404, subpt. P, app. 2, Rule 200.00(a). For example, age is divided into three categories: younger person (18-49), person closely approaching advanced age (50-54) and person of advanced age (55 and over). 20 C.F.R. § 416.963.

The regulations require that the ALJ "not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 416.963(b). If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination . . . that [he] is disabled, [the ALJ] will consider whether to use the older age category after evaluating the overall impact of all the factors." *Id.* To clarify this regulation, the SSA Appeals Council noted that using "the higher age category is not automatic" in every borderline situation. SOC. SEC. ADMIN., APPLICATION OF THE MEDICAL-VOCATIONAL GUIDELINES IN BORDERLINE AGE SITUATIONS, HEARINGS, APPEALS, AND LITIGATION LAW MANUAL II-5-3-2 (1993) ("HALLEX"); *accord Russell v. Comm'r of Soc. Sec.*, 20 F. Supp. 2d 1133, 1135 (W.D. Mich. 1998). The regulations note that advancing age increasingly limits a person's ability to adjust to a new type of work. 20 C.F.R. § 416.963(a). The ultimate question, though, is whether the claimant has "the ability to adjust to other work." *Id.*; *see also* Soc. Sec. Ruling 83-10 (1983) (explaining that the "ultimate question in the medical-vocational evaluation . . . is whether work that an individual can do functionally and vocationally exists in the national economy"). In determining whether a given case presents a borderline age situation, the relevant date is when the ALJ issues his opinion. HALLEX II-5-3-2 (instructing adjudicators to apply this interpretation "whenever the age category changes within a few months after . . . the date of the ALJ's decision"); *e.g.*, *Fried v. Sullivan*, 1991 WL 180296, at *1 (9th Cir. Sept. 13, 1991); *cf.*

20 C.F.R. § 404.620 (setting the ALJ's decision as the cutoff date to determine eligibility for disability insurance benefits).

### C. The Court Grants the Plaintiff's Motion for Judgment of Reversal and Denies the Defendant's Motion for Judgment of Affirmance

The plaintiff claims that despite the fact that he was only 46 days shy of his 55th birthday on the date of the ALJ's decision, the ALJ failed to recognize this as a borderline case. Pl.'s Mot. at 3. Thus, the plaintiff argues, the ALJ improperly applied the law by mechanically using the grids. *Id.* at 4. The defendant retorts that the ALJ has total discretion to decide whether to place a claimant in a higher age category in a borderline situation and, therefore, that the plaintiff cannot prevail. Def.'s Mot. at 6.

As a threshold concern, the court must first determine whether this is a borderline case, *i.e.*, whether the plaintiff is "within a few days to a few months of reaching an older age category." 20 C.F.R. § 416.963(b) (instructing an ALJ to "not apply the age categories mechanically in a borderline situation"). Although the exact parameters of a borderline case remain unclear, 46 days is certainly within a "few months." *See Daniels v. Apfel*, 154 F.3d 1129, 1131 (10th Cir. 1998) (remanding for a determination of the appropriate age category when the ALJ's decision came 65 days before the plaintiff's birthday); *Kane v. Heckler*, 776 F.2d 1130, 1133 (3d Cir. 1985) (remanding for application of § 416.963 when the plaintiff was 48 days short of her birthday); *Metaxotos v. Barnhart*, 2005 WL 2899851, at *8 (S.D.N.Y. Nov. 3, 2005) (remanding for consideration of the borderline situation where the plaintiff was 6 months shy of an older age category); *France v. Apfel*, 87 F. Supp. 2d 484, 491 (D. Md. 2000) (granting summary judgment for the plaintiff where the difference was 5 months). *But see Crady v. Sect'y of Health & Human Serv.*, 858 F.2d 617, 622 (6th Cir. 1987) (applying the substantial evidence

6

rule to determine that the ALJ has discretion to decide if a case is borderline where the claimant was one month shy of his 55th birthday).  Therefore, this is a borderline case.

Next, the court addresses whether "using the older age category would result in a determination . . . that [the plaintiff] is disabled." 20 C.F.R. § 416.963(b).  In this case, had the ALJ applied an older age, the grids would have dictated a finding of "disabled" regardless of the plaintiff's residual functional capacity, given his education and skill set.  *See* 20 C.F.R. § 404, subpt. P, app. 2, Rules 202.04, 202.06, 201.04, and 201.06.  Therefore, applying the older age category in this case would have changed the outcome to one favorable to the plaintiff.

Because this is a borderline case and because applying the older age category would have resulted in a determination that the plaintiff is disabled, the regulation requires the ALJ to "consider whether to use the older age category after evaluating the overall impact of all the factors." 20 C.F.R. § 416.963(b).  Here, the ALJ made no mention of this as a borderline case, *see* AR at 15–23, determining only that the plaintiff "is an 'individual closely approaching advanced age,'" without considering whether to use the older age category, *id.* at 21.[3]  The ALJ, therefore, failed to apply the unambiguous regulatory directive.  The ALJ should have recognized this as a borderline situation and made an explicit decision about the appropriate age category to use, including a consideration of the appropriateness of the older age category. *Damian v. Barnhart*, 2007 WL 1223912, at *4 (D. Kan. Mar. 26, 2007) (holding that "the ALJ erred by not making the necessary factual finding of whether plaintiff falls within a borderline situation"); *France*, 87 F. Supp. 2d at 492 (holding that "the ALJ failed to sufficiently address the affect [sic] of the claimant's age"); *Russell v. Comm'r of Soc. Sec.*, 20 F. Supp. 2d 1133,

---

[3]  The defendant's conclusory statement without citation that the ALJ determined that the plaintiff "was not a candidate for treatment under the grids that apply to persons age 50-54," Def.'s Mot. at 5, runs contrary to the ALJ's determination that the plaintiff "is defined in the regulations as an individual closely approaching advanced age," AR 21.

7

1135 (W.D. Mich. 1998) (determining that "when a borderline situation is presented, a factual determination must be made as to the appropriate age category"). *But see Smith v. Astrue*, 2008 WL 495735, at *10 (E.D. Cal. Feb. 21, 2008) (upholding the denial of benefits when the ALJ made no explicit determination of the appropriate age category where the claimant was 54 and a half).

The defendant asserts that such considerations were not necessary because the ALJ called a vocational expert, who advised that the plaintiff was not disabled. Def.'s Mot. at 5. The ALJ's reliance on the vocational expert's testimony, however, is not sufficient to overcome his failure to explicitly consider whether the older age category is more appropriate given that this is a borderline case. Vocational experts may be used when the issue is whether the claimant's "work skills can be used in other work." 20 C.F.R. § 416. 966(e). This vocational adaptability determination is a separate inquiry from the age determination, and the regulations regarding age do not similarly provide for the use of a vocational expert. *See* 20 C.F.R. § 416.963.

Finally, the regulations imply that the ALJ has some discretion in determining whether to apply the older age category in a given case. *See* Soc. Sec. Ruling 83-10 (1983) (refusing to promulgate "fixed guidelines as to when a borderline situation exists [because] such guidelines would themselves reflect a mechanical approach"). The court's decision here preserves that discretion. The ALJ is not required to find that the older age category would have been more appropriate; he must, simply, recognize the borderline situation and consider the older age category. Because the ALJ did not explicitly analyze the impact of the plaintiff's borderline age, he improperly applied the law and the court remands this case for proper consideration.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for judgment of reversal, denies the defendant's motion for judgment of affirmance and remands this case to the Social Security Administration for further proceedings. An order consistent with the Memorandum Opinion is separately and contemporaneously issued this 2nd day of June, 2008.

                                               RICARDO M. URBINA
                                               United States District Judge